FILED
2026 Mar-16  AM 09:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **NAMEROS D. FORD,** }<br><br>  **Plaintiff,** }<br><br>**v.** }<br><br>**BIRMINGHAM CROSSPLEX** }<br>**TRANSIT CENTER,** }<br><br>  **Defendant.** } | **Case No. 2:26-cv-213-ACA** |

**<u>MEMORANDUM OPINION</u>**

The court ordered *pro se* Plaintiff Nameros Ford to show cause why the court should not dismiss his civil rights complaint against Defendant Birmingham Crossplex Transit Center ("BCTC") under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. (Doc. 7; *see* doc. 1). In the order, the court implored Mr. Ford to clarify what constitutional guarantee would require BCTC to ensure window access on its buses. (Doc. 7 at 2–3).

In response, Mr. Ford cites the purpose statement of the Department of Transportation, 49 U.S.C. § 101, and an administrative provisions section of Title 34 regarding crime control and law enforcement, 34 U.S.C. § 10237. Neither of these statutes create a constitutional right to window access. Accordingly, Mr. Ford has failed to state a constitutional claim that is plausible on its face. Dismissal with

prejudice is appropriate when a complaint cannot be more carefully drafted to state a claim. *Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 862 (11th Cir. 2023). Accordingly, the court **WILL DISMISS** this action **WITH PREJUDICE**.

Mr. Ford also cites Title VI of the Civil Rights Act of 1964. (Doc. 9 at 2). Mr. Ford does assert a Title VI claim in his complaint (doc. 1), so the court construes the response as a motion to amend. Courts should allow leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). But a court may deny leave to amend when amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Id.* at 1263 (quotation marks omitted).

Title VI prohibits organizations receiving federal funds from discriminating based on race, color, or national origin. *Alexander v. Sandoval*, 532 U.S. 275, 278 (2001). Mr. Ford does not explain how BCTC's use of screws to close windows on its buses could be race-based discrimination. So Mr. Ford's amendment still fails to state a claim. Thus, the court **WILL DENY** the motion to amend.

Finally, Mr. Ford moves to proceed to trial. (Doc. 10). Because the court's dismissal of Mr. Ford's complaint resolves this issue, the court **WILL DENY** it as **MOOT**.

2

To conclude, the court **WILL DENY** the motion to amend as futile and **WILL DISMISS** this action **WITH PREJUICE**. The court **WILL DENY** Mr. Ford's motion to proceed to trial as **MOOT**. (Doc. 10).

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this March 16, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE